FILED
SCRANTON

JUN 3 0 2014

PER _____

DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TODD CURLEY,
               Petitioner,

               v.

JOHN KERESTES, et al.,
               Respondents.

:
:
:
:
:
:
:
:

CIVIL NO. 3:13-CV-2960

(Judge Kosik)

## MEMORANDUM

Before the court are Petitioner's Objections (Doc. 14) to the Report and Recommendation of Magistrate Judge Martin C. Carlson filed on May 12, 2014 (Doc. 13).  For the reasons which follow, we will decline to adopt the Report and Recommendation of the Magistrate Judge and will remand the matter to the Magistrate Judge for further proceedings.

BACKGROUND

Petitioner, Todd Curley, an inmate at the State Correctional Institution at Frackville, Pennsylvania, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, on December 9, 2013.  A Response to the Petition was filed by the Commonwealth on April 2, 2014 (Docs. 11 and 12).  In the Response to the Petition, the Commonwealth asserts that the Petition is barred by the one year statute of limitations set forth in 28 U.S.C. §2244.  No traverse was filed to the Commonwealth's Response.

On May 12, 2014, the Magistrate Judge filed a Report and Recommendation (Doc. 13), wherein he recommended that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 be denied and that a certificate of appealability should not issue.  Specifically, the Magistrate Judge found that the Petition was not timely

filed and that Petitioner did not show extraordinary circumstances justifying equitable tolling of the statute of limitations.

On May 27, 2014, Petitioner filed Objections to the Report and Recommendation (Doc. 14). Petitioner challenges the calculations of the Magistrate Judge in computing the statute of limitations. Petitioner argues that he was entitled to statutory tolling during the time period that his properly filed state Post Conviction Relief Act ("PCRA") petition was pending in the Pennsylvania state courts, namely, September 1, 2004 through November 19, 2013. Specifically, Petitioner references a June 11, 2013, Pennsylvania Superior Court decision, in which Petitioner alleges "[t]he Pennsylvania Superior Court in its 6/11/13 memorandum, page 4-5, found no legal error in the PCRA court's evident decision to treat petitioner's 2009-11 filings as amendments to the 2004 timely."

DISCUSSION

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(C); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

In addressing the issue of the timeliness of the instant Petition, the Magistrate Judge discusses the one-year statute of limitations set forth in 28 U.S.C. §2244(d), which provides:

-2-

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As the Magistrate Judge points out, in October of 2002, Petitioner entered a plea of nolo contendere to a charge of second degree murder and was sentenced to life imprisonment.  Petitioner filed a direct appeal of his conviction and sentence.  On October 21, 2003, the Pennsylvania Superior Court affirmed the conviction and sentence.  Petitioner did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.  Thus, the Petitioner's conviction became final on November 20, 2003.

In his objections, Petitioner asserts that a timely PCRA petition was filed on or about September 1, 2004, that the Order dismissing the PCRA petition was entered on December 27, 2012, and that the Appellate proceedings were completed on

November 19, 2013, when the Pennsylvania Supreme Court denied allowance of appeal. Thus, Petitioner argues that the intervening time should not be counted toward the limitation period and should be statutorily tolled. As the Magistrate Judge states, a review of the Criminal Docket in this case[1] indicates that in July and August of 2004, Petitioner filed documents regarding a Petition for an Order to Suspend or Vacate for Fines, Costs and Restitution. On September 1, 2004, the Court of Common Pleas dismissed the Petition to Suspend or Vacate Fines, Costs and Restitution for lack of subject matter jurisdiction. It appears that no further action was taken by Petitioner until December 21, 2009, when a Motion for Post Conviction Collateral Relief was filed.

In his Objections, Petitioner argues that he filed a timely PCRA petition on or about September 1, 2004 and that his 2009 to 2011 filings were amendments to the 2004 petition. In its Memorandum of June 11, 2013, the Superior Court of Pennsylvania discussed the issue of timeliness of the PCRA Petition, as follows:

> Initially, we see there is some question as to whether Appellant initiated his PCRA proceedings in a timely manner. A PCRA petition must be filed within one year of when a petitioner's judgment of sentence becomes final unless the petitioner properly pleads and proves at least one of the statutorily enumerated exceptions to the one-year time limit. 42 Pa.C.S.A. § 9545(b). A judgment of sentence becomes final at the end of direct review, including discretionary review in the Pennsylvania Supreme Court and/or the United States Supreme Court, or the expiration of the time for seeking such review. *Id.* § 9545(b)(3). In this vein, we note thirty days is the time in which to seek allowance of appeal with the Pennsylvania Supreme Court after we issue a ruling. Pa.R.A.P. 1113(a). If a PCRA petition is untimely, courts lack jurisdiction to address the merits thereof. ***Commonwealth v. Frey***, 41 A.3d 605, 610 (Pa. Super. 2012).

---

[1] The Magistrate Judge attached a copy of the Criminal Docket Sheet from the Court of Common Pleas of Wayne County as Appendix A to the Report and Recommendation.

Appellant's judgment of sentence became final in November 2003 when he failed to file a PAA with the Pennsylvania Supreme Court. Accordingly, he had until November 2004 to file a PCRA petition. The lower court docket indicates Appellant filed his instant PCRA petition in December 2009. In 2010 and 2011, he filed amendments thereto. Accordingly, at first blush, it appears Appellant's PCRA petition, having been filed in 2009, was facially untimely because it was lodged years after Appellant's judgment of sentence became final.

Additionally, Appellant did not articulate any time-bar exception in the 2009 document, though he did make repeated, ambiguous claims that he had previously filed *pro se* motions of some type that were ignored by the court. In 2010, during the hearing on the issue of whether first PCRA counsel's appearance should be withdrawn, Appellant made specific allegations that he had filed one or more prior PCRA petitions, including one in August 2004. Appellant contended the court had simply ignored his prior PCRA filings. Appellant repeated this same claim in a response he filed after the Commonwealth moved to dismiss his PCRA petition.

No 2004 PCRA petition appears on the face of the lower court's docket. Nevertheless, before second counsel withdrew, she filed, on Appellant's behalf, a copy of a *pro se* petition for PCRA relief signed by Appellant on August 7, 2004. The petition raised some of the same claims that would eventually be listed in Appellant's 2009 filing and the 2010 and 2011 amendments thereto. The 2004 petition contained what appeared to be a timestamp from the Wayne County Clerk of Courts. The timestamp revealed receipt by the clerk on September 1, 2004.

The PCRA court accepted the aforesaid copy of the 2004 petition as proof that Appellant did, in fact, file his PCRA petition in September 2004, prior to the expiration of his one-year PCRA filing period. Also, although the court did not specifically say so, the court evidently found the 2009 filing and the later amendments thereto as being amendments to the original, timely 2004 petition.

-5-

The record supports the PCRA court's conclusion. *See Commonwealth v. Cox*, 983 A .2d 666, 679 (Pa. 2009) (indicating our standard of review of PCRA court rulings is to determine whether they are supported by the record and free of legal error). Thus, while the 2009 filing seems, on its face, to have been late, and while the docket itself does not reflect the filing of a 2004 PCRA petition, the 2004 document filed by Appellant's prior counsel provides a basis for the PCRA court's conclusion that Appellant initiated his PCRA proceedings before his deadline in November 2004. Also, as amendments to PCRA petitions are to be liberally allowed, *see* Pa.R.Crim.P. 905(A), we find no legal error in the PCRA court's evident decision to treat Appellant's 2009-11 filings as amendments to the 2004, timely petition.

Having found no factual or legal error in the PCRA court's decision to treat Appellant's PCRA proceedings as timely, we turn to his substantive issues.

In light of the June 11, 2013 Superior Court Memorandum, we will remand this action to the Magistrate Judge for further consideration.  An appropriate Order follows.