FILED
SCRANTON

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JUN 2 3 2016

PER ——— DEPUTY CLERK

TODD CURLEY,                          :

                Petitioner,           :
                                      :
        v.                            :   CIVIL NO. 3:CV-13-2960
                                      :
JOHN KERESTES,                        :   (Judge Kosik)
                                      :
                Respondent.           :

## MEMORANDUM

### I.    Introduction

This matter comes before the court for consideration of Todd Curley's Petition

for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.  (Doc. 1.)  The

required filing fee has been paid.  Curley ("Petitioner") proceeds pro se and

challenges his October 3, 2002 conviction for second degree murder by the Wayne

County Court of Common Pleas following a plea of nolo contendere.  He was

sentenced on the same date, to life imprisonment.  Following careful consideration of

the parties' submissions, the petition will be denied.  A certificate of appealability

will not be issued.

### II.   Factual Background

Petitioner and his uncle, Jason Curley, were charged with Criminal Homicide

on October 26, 2001, for the robbery and killing of Michael Marques.  Petitioner

entered a plea of nolo contendere on October 3, 2002 to Second Degree Murder. His

attempt to later withdraw the plea claiming that the Commonwealth failed to abide by

the plea agreement was denied. Petitioner was sentenced to life imprisonment

without parole, and his post-sentence motion was denied.

## III.  Procedural History

### A.  Direct appeal

Following the denial of his post-sentence motion, Petitioner filed a direct

appeal with the Pennsylvania Superior Court. In the appeal, he challenged his plea as

involuntary. His conviction and sentence were affirmed by the Pennsylvania Superior

Court on October 21, 2003. See Commonwealth v. Curley, 839 A.2d 1151 (Pa.

Super. 2003)(unpublished memorandum). Petitioner did not file a petition for

allowance of appeal ("PAA") with the Pennsylvania Supreme Court. As such,

Petitioner's conviction became final on November 20, 2003, when no further review

was sought.[1]

### B.  PCRA proceedings

Earlier in the above case, Respondent argued that the instant federal petition

was untimely. (Doc. 11.) A Report and Recommendation was issued by the

Magistrate Judge, agreeing that the petition was untimely (Doc. 13), but this

---

[1] Pursuant to Pa.R.A.P. 1113(a), Petitioner had thirty (30) days to seek
allowance of appeal with the Pennsylvania Supreme Court following the Superior
Court's ruling.

recommendation was not adopted by the court. (Docs. 15, 16.) Rather, this court found that the position taken by the Pennsylvania Superior Court in ruling on Petitioner's PCRA appeal on June 11, 2013 (Doc. 18), finding that Petitioner filed a PCRA in 2004, to be sound. While no 2004 PCRA petition appears on the face of the lower court's docket, the Superior Court agreed with the PCRA court that before Petitioner's second counsel withdrew, she filed on Petitioner's behalf, a copy of a pro se petition for PCRA relief signed by Petitioner on August 7, 2004. (See id. at 12.) Said petition raised some of the claims that were later listed in a 2009 filing by Petitioner, and the 2010 and 2011 amendments thereto. The Superior Court found that the 2004 petition contained a time-stamp by the Wayne County Clerk of Courts indicating receipt by the clerk on September 1, 2004. (Id.)

Based on the foregoing, the Superior Court found that the record supported the PCRA court's conclusion that the 2004 petition was proof that Petitioner did, in fact, file his PCRA petition in 2004, prior to the expiration of his one-year PCRA filing period. The Superior Court also found that even though the PCRA court did not specifically say so, the 2009 filing by Petitioner, and the later amendments thereto, were amendments to the original, timely 2004 petition. (Id. at 12-13.)

When Petitioner first filed his PCRA, it was done so pro se. The PCRA court appointed counsel from the Wayne County Public Defender's Office to represent him thereafter. Petitioner argued that counsel had a conflict of interest because of the

3

Public Defender's prior representation of one or more persons who were involved in some way with this case. Because of Petitioner's allegations, the Wayne County court held a hearing in 2010, and ordered counsel to withdraw. The court then appointed second counsel, who later moved to withdraw from the case in 2012.

In the same year, the trial court issued a notice of its intent to dismiss the PCRA petition, finding the arguments raised to be without merit. The court also noted that Petitioner's plea had been found valid on direct appeal. (Doc. 18 at 10.) Pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), Petitioner's second counsel was permitted to withdraw. On December 27, 2012, the PCRA petition was dismissed without a hearing.

A pro se appeal was filed to the Pennsylvania Superior Court. On June 11, 2013, the court not only agreed with the PCRA court that the petition was timely, but also affirmed the denial of the PCRA petition on the merits. (Doc. 18 at 9-19.) The following issues, in addition to the timeliness of the petition, were addressed in the appeal.

First, the Superior Court addressed Petitioner's claim that his plea was not knowing, voluntary and intelligent. (Id. at 13.) In support of this claim, the court found that Petitioner seemed to offer several theories. Each one was rejected. To the extent Petitioner outright challenged the plea itself, the court found that this issue was

4

raised and litigated on direct appeal, and found to have no merit. As such, the issue was found to be previously litigated for PCRA purposes. (Id. at 14.) While Petitioner presented additional arguments challenging his plea that were not raised on direct appeal, the Superior Court rejected them in that Petitioner could not now offer new legal theories in support of an issue already litigated. See Commonwealth v. Burkett, 5 A.3d 1260, 1270 (Pa. Super. 2010). (Id.)

To the extent Petitioner attempted to raise a new theory, namely that the Commonwealth violated Brady v. Maryland, 373 U.S. 83 (1963), and supported his plea challenge in this way, the Superior Court also rejected his claim. Petitioner argued that by failing to disclose certain information, the Commonwealth violated Brady and made his plea unknowing and unintelligent. Specifically, Petitioner argued that the Commonwealth failed to disclose: (1) that a third party (not Petitioner or his co-defendant) had confessed to the murder, and (2) that the Commonwealth had offered some type of leniency to the co-defendant and other unnamed persons. Petitioner seemed to argue that had he been armed with this information, he would have opted to proceed to trial, and the outcome of his proceeding would have been different.

The Superior Court rejected this argument for the following reasons. First, if Petitioner was aware of the non-disclosures, he should have raised the matter in his post-sentence motions or in his direct appeal when he challenged the plea. The

5

appellate court found that Petitioner could not now raise a new theory in support of a previously litigated claim. Alternatively, if Petitioner was claiming that he did not learn of the alleged <u>Brady</u> violation until it was too late to raise in his post-sentence motions or on direct appeal, the Superior Count found that his argument was still without merit in that: (1) Petitioner never specified when he learned of the information; (2) he never offered support for his argument that he should now be permitted to raise a new theory in challenging his plea; or (3) he never even gave the name of the third party who supposedly confessed. (<u>Id</u>. at 15.) In addition, the Superior Court reasoned that no information with respect to the leniency offered by the Commonwealth was given or the identification of third parties who were offered leniency. (<u>Id</u>.) Based on the foregoing, Petitioner's argument was rejected.

Also raised in his PCRA appeal was the issue that plea counsel was ineffective in not discovering the confession by the third party, and that the Commonwealth had offered leniency. (<u>Id</u>. at 16.) Petitioner seemed to be saying that if counsel conducted a pre-trial investigation and attempted to explore the possibilities of offering defenses, he would have learned of the confession and leniency offers and would have come up with a defense strategy. This was rejected by the Superior Court on the basis that Petitioner never identified the third party involved, or any evidence that counsel would have discovered the information if he had prepared differently and would have developed a defense strategy. As such, no merit was found to this claim.

The third issue raised by Petitioner in his PCRA appeal was that direct appeal counsel was ineffective in not filing a petition for allowance of appeal (PAA) with the Pennsylvania Supreme Court following the denial of his direct appeal by the Pennsylvania Superior Court. The Superior Court found that Petitioner failed to refute the PCRA court's finding that he never asked counsel to file a PAA. (Id. at 17.) The court also rejected any argument by Petitioner that he was excused from asking counsel to file a PAA. While he claimed that he had non-frivolous grounds for an appeal, he failed to provide any support for this argument or that counsel should have known he wanted to file a PAA.

The final ground raised by Petitioner in his PCRA appeal is that PCRA counsel was ineffective by failing to investigate Petitioner's PCRA claims and/or that counsel did not comply with the dictates of Turner/Finley when she sought to withdraw. The Superior Court also rejected these claims, finding that Petitioner had failed to construct a factual and legal analysis in support of his claims. (Id.) Based on the foregoing, the PCRA court's order denying the PCRA was affirmed. On November 19, 2013, an appeal to the Pennsylvania Supreme Court was denied. Commonwealth v. Curley, 82 A.3d 459 (Pa. Super. 2013), appeal denied, 622 Pa. 755 (Pa. 2013)).

On February 12, 2014, Petitioner filed a pro se petition for writ of habeas corpus with the trial court. On September 8, 2014, he filed a supplement thereto. These requests were treated by the court as a second PCRA petition, and denied as

untimely on September 26, 2014.  Although the court did not issue a Rule 907 notice prior to dismissing Petitioner's filings, this issue was found to be waived in that is was not raised by Petitioner when he appealed the untimely dismissal.  On June 10, 2015, the Pennsylvania Superior Court affirmed the dismissal of Petitioner's filing as untimely.  Commonwealth v. Curley, No. 3097 EDA 2014 (Pa. Super. June 10, 2015). In so doing, the Superior Court first found that the trial court properly treated Petitioner's filings as a second PCRA petition.  (Id. at 4-6.)  Next, the Superior Court held that this second PCRA was time-barred and that he did not properly plead an exception to the time-bar.  (Id. at 6-9.)

## C.    Federal Habeas Petition

The pending federal habeas corpus petition was filed on December 9, 2013, and raises the following grounds:

1.    The guilty plea was not knowing, voluntary and intelligent[2];

2.    The guilty plea was the product of ineffective assistance of counsel;

3.    Ineffective appellate counsel because no appeal pursued to Pennsylvania Supreme Court following affirmance by Superior Court on 10/21/03; and

4.    State failed to disclose evidence favorable to the Petitioner.

(Doc. 1, Pet. at 5-9.)  The petition is ripe for consideration.  For the reasons that

---

[2] Although Petitioner references his "guilty" plea in this ground, as well as his second ground, he entered a plea of "nolo contendere".

follow, the petition will be denied.

## IV.    Governing Legal Principles

### A.    Standard of Review

Since the instant petition was filed after the effective date of the Antiterrorism

and Effective Death Penalty Act ("AEDPA"), review of Petitioner's claims is

governed by 28 U.S.C. § 2254(d). Lindh v. Murphy, 521 U.S. 320, 326-27, 117 S.Ct.

2059, 138 L.Ed.2d 481 (1997). Under the AEDPA, a federal court may not grant

habeas relief on a claim adjudicated on its merits in state court unless that

adjudication "resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court

of the United States," or "resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court

proceeding." 28 U.S.C. § 2254(d); see also Harrington v. Richter, 562 U.S. 86, 97-

98, 131 S.Ct. 770, 783-84, 178 L.Ed.2d 624 (2011); Williams v. Taylor, 529 U.S.

362, 404-05, 120 S.Ct. 1495, 1519, 146 L.Ed.2d 389 (2000). The first prong applies

both to questions of law and to mixed questions of law and fact, Williams, 529 U.S. at

384-86, 120 S.Ct. at 1508-09, while the second prong applies to decisions based on

factual determinations, Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S.Ct. 1029,

1041, 154 L.Ed.2d 931 (2003).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the

state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-13, 120 S.Ct. at 1523. A state court decision is an "unreasonable application of Supreme Court authority, falling under the second clause of § 2254(d)(1), if the state court correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413, 120 S.Ct. at 1523. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id., 529 U.S. at 411, 120 S.Ct. at 1522.

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id., 529 U.S. at 413, 120 S.Ct. at 1523. "Under § 2254(d)(1)'s 'unreasonable application' clause, ... a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id., 529 U.S. at 411, 120 S.Ct. at 1523. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's

10

application of clearly established federal law was "objectively unreasonable." Id.,

529 U.S. at 409, 120 S.Ct. at 1522. The federal habeas court must presume correct

any determination of a factual issue made by a state court unless the petitioner rebuts

the presumption of correctness by clear and convincing evidence. 28 U.S.C. §

2254(e)(1).

The state court decision to which Section 2254(d) applies is the "last reasoned

decision" of the state court. See Ylst v. Nunnemaker, 501 U.S. 797, 803-04, 111

S.Ct. 2590, 2594-95, 115 L.Ed.2d 706 (1991). When there is no reasoned opinion

from the highest state court considering a petitioner's claims, the court "looks

through" to the last reasoned opinion. See Ylst, 501 U.S. at 804, 111 S.Ct. at 2595.

The Supreme Court has affirmed that under the AEDPA, there is a heightened

level of deference a federal habeas court must give to state court decisions. See

Harrington, 562 U.S. at 97-99, 131 S.Ct. at 783-85; Felkner v. Jackson, 562 U.S. 594,

131 S.Ct. 1305, 1307, 179 L.Ed.2d 374 (2011). The Court explained: "[o]n federal

habeas review, AEDPA 'imposes a highly deferential standard for evaluating state-

court rulings' and 'demands that state-court decisions be given the benefit of the

doubt.'" Id. at 594, 131 S.Ct. at 1307 (citation omitted).

However, "if a properly preserved claim was not addressed by the state court

on the merits, the deferential standards of the AEDPA do not apply." Id. at 392. In

such instances, a "federal habeas court must conduct a de novo review over pure legal

questions and mixed questions of law and fact." Id. (quoting Appel v. Horn, 250 F.3d 203, 210 (3d Cir.+ 2001)).

**B.     Exhaustion and Procedural Default**

A habeas petitioner must clear two procedural hurdles before the court may reach the merit of his habeas corpus petition.  These hurdles are those of exhaustion of remedies and procedural default.  Respondent concedes that the claims raised by Petitioner are all exhausted.  (Doc. 18 ¶ 6.)  Therefore, the court will proceed to examination of each of the claims on the merits.

**V.     Discussion**

**A.     Plea**

In his federal petition, Petitioner specifically challenges his plea as unknowing, not intelligent and involuntary on the basis that the Commonwealth withheld the statement of his co-defendant's friend to the sheriff of his confession and because of the offers of leniency given by the Commonwealth to the co-defendant and others for their testimony.  Based on foregoing, Plaintiff states that he did not understand the ramifications of his right to a jury trial and the strengths/weaknesses of his case without possession of the above information.  He appears to argue that had he known this information, the outcome of his proceeding would have been different - that he would have proceeded to trial instead of entering a plea.  (Doc. 18 at 15.)

On direct appeal, Petitioner challenged his plea generally as involuntary, and

this was found to be without merit by the Pennsylvania Superior Court. The docket sheet in Petitioner's underlying criminal matter reveals that a hearing was conducted that found him to be competent, and that when he entered his plea, he engaged in both a written nolo contendere colloquy as well as was examined on the record by the trial court. Both of these took place on October 3, 2002. (Doc. 13-1 at 12.) The trial court advised Petitioner of the offenses of which he was charged and his rights in open court. (Id.) With this knowledge, he entered his plea.

Petitioner again tried to bring the issue of the plea up in his PCRA. In the PCRA, he not only generally challenged the plea as unknowing and involuntary, but also tried to bring up new theories in support of his challenge to his plea. One of the new theories was specifically based on the "Brady" argument that is advanced in his pending federal petition.[3] He claims that the Commonwealth withheld information with respect to the confession of the co-defendant's friend, and also with respect to leniency given to the co-defendant and others.

The Superior Court found that any argument generally attacking the plea was previously litigated, and that any new theories attacking the plea could have and should have been advanced on direct appeal. We find this holding by the state court to be reasonable in light of the record. To the extent that the Brady theory was not raised on direct appeal, the Superior Court was not unreasonable in rejecting this

---

[3] Brady v. Maryland, 373 U.S. 83 (1963).

theory when affirming the PCRA denial, as set forth above in the procedural section.

Although a nolo contendere plea does not involve an acknowledgment of having committed illegal actions, it is well known that such a plea is treated the same as a guilty plea. See Commonwealth v. Moser, 999 A.2d 602 (Pa. Super. 2010). It is not an admission of guilt, and the fact that a Defendant has made such a plea cannot be used to demonstrate that he was guilty of the crime in question. Nevertheless, such a plea has the same legal consequences as a plea of guilty, and results in a conviction. U.S. v. Adedoyin, 369 F.d 337 (3d Cir. 2004). These pleas are treated no differently and both need to be based on a knowing, intelligent and voluntary waiver of a defendant's constitutional rights. This clearly established federal standard is set forth in Boykin v. Alabama, 315 U.S. 238 (1969).

Petitioner does not claim that the proper federal standard has not been applied in this case. Rather, he contends that the standard was unreasonably applied in his case. He agrees that his plea must be knowing, intelligent and voluntary, but claims it was not, because the Government withheld information from him - an alleged confession by a friend of his co-defendant to a sheriff and offers of leniency to his co-defendant and others.

Despite Petitioner's arguments, the record supports the Superior Court's findings, and they cannot be found to be unreasonable. Petitioner does not argue that he was not examined by the trial court with respect to his plea. To the extent that he

14

was aware of the "Brady" challenge to his plea, this argument should have been brought up in his direct appeal, as found by the state Superior Court. To the extent he did not find out about the alleged confession and the leniency offers until the PCRA, it cannot be said that the Superior Court's findings with respect to this argument are unreasonable. Petitioner never identifies who it was that made the alleged confession to the crime he pled to. Further, he never identified who received the offers of leniency or what said offers consisted of. For these reasons, the court finds Petitioner's argument to be without merit.

### B. Ineffective Assistance of Counsel

Petitioner claims that trial(plea)/appellate counsel was ineffective. The same individual served in both capacities. Petitioner argues that plea counsel was ineffective for allowing him to enter a plea without first exploring the possibilities of defenses or conducting a pretrial investigation. He claims that counsel was unaware that someone else had confessed and that witnesses had been offered leniency. He argues that counsel was also ineffective as appeal counsel when she failed to file a petition for allowance of appeal with the Pennsylvania Supreme Court on direct review.

These issues were addressed in Petitioner's PCRA petition, and the standard used by the state courts was in compliance with the federal standard. The Pennsylvania Superior Court relied on Commonwealth v. Cox, 983 A.2d 666 (Pa.

2009). (Doc. 18 at 13.) In examining whether counsel has rendered ineffective assistance, <u>Cox</u> looks at the arguable merit of the underlying claim, if counsel's actions had a reasonable basis, and whether prejudice resulted to the petitioner. (<u>Id.</u> at 678.) This comports with the federal standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

The Sixth Amendment right to counsel is the right to effective assistance of counsel. <u>Strickland</u>, 466 U.S. at 686, 104 S.Ct. at 2063. To warrant reversal of a conviction, a prisoner must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. <u>Id.</u> at 687, 104 S.Ct. at 2064; <u>Holland v. Horn</u>, 519 F.3d 107, 120 (3d Cir. 2008). The <u>Strickland</u> test is conjunctive and a habeas petitioner must establish both the deficiency in the performance prong, as well as the prejudice prong. <u>See Strickland</u>, 466 U.S. at 687, 104 S.Ct. at 2064; <u>Rainey v. Vainer</u>, 603 F.3d 189, 197 (3d Cir. 2010). Though <u>Strickland's</u> ineffectiveness inquiry contains both a performance and prejudice component, the Supreme Court has made clear that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed." <u>Strickland</u>, 466 U.S. at 697, 104 S.Ct. at 2069. [T]here is no reason for a court deciding an ineffective assistance claim ... even to address both components of the inquiry if the defendant makes an insufficient showing on one." <u>Marshall v. Hendricks</u>, 307 F.3d 36, 86-87 (3d Cir. 2002)(internal citation and

quotation marks omitted.)

To prove deficient performance, a prisoner must show that his "counsel's representation fell below an objective standard of reasonableness." Id. at 688, 104 S.Ct. at 2064. The court will consider whether counsel's performance was reasonable under all of the circumstances. Id. The court's "scrutiny of counsel's performance must be highly deferential." See id. at 689, 104 S.Ct. at 2065. That is, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. In raising an ineffective assistance of counsel claim, the petitioner "must first identify the acts or omissions of counsel that are allegedly not to have been the result of reasonable professional judgment." Id. at 690, 104 S.Ct. at 2066. Next, the court must determine whether "in light of all the circumstances" those acts or omissions fall outside of the "wide range of professionally competent assistance." Id.

A petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." United States v. Hankerson, 496 F.3d 303, 310 (3d Cir. 2007)(quoting Strickland, 466 U.S. at 689, 104 S.Ct. at 2065). This presumption is overcome by showing either that petitioner's counsel's "conduct was not, in fact, part of a strategy or by showing that the strategy employed was unsound." Thomas v. Vainer, 428 F.3d 491, 499-500 (3d Cir. 1005). When the record does not disclose counsel's actual strategy, the presumption is

17

rebutted by a "showing that no sound strategy ... could have supported the conduct." Id. at 500.

To prove prejudice, a convicted defendant must affirmatively prove that counsel's alleged errors "actually had an adverse effect on the defense." Strickland, 466 U.S. at 693, 104 S.Ct. at 2067. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

In analyzing Petitioner's ineffective assistance of plea counsel claim, the Pennsylvania Superior Court found that counsel was not ineffective. They found that counsel was not ineffective because Petitioner never identified the third party who supposedly confessed and did not discuss the supposed offers of leniency. Moreover, the Superior Court pointed out that Petitioner failed to come forth with any evidence that he had merit to his claim that, had his plea counsel conducted some type of investigation and/or prepared differently, that counsel would have discovered the confession and/or offers of leniency such that counsel would have then had a defense for trial. The court finds that the foregoing was a reasonable basis for affirming the denial of the PCRA on this claim.

With respect to the alleged ineffectiveness of counsel in failing to pursue a PAA to the Supreme Court on direct appeal, this court also finds that the

18

Pennsylvania Superior Court was reasonable in affirming the denial of PCRA relief. The state court cited Commonwealth v. Bath, 907 A.2d 619, 622 (Pa. Super. 2006), for the principle that counsel will be found ineffective for filing a PAA if it is shown that counsel was asked to do so. The merits of the PAA are irrelevant. Counsel can still be found ineffective, even if Petitioner did not ask her to file a PAA, if counsel did not consult appropriately with the Petitioner about the PAA. If counsel has a reason to believe that a Petitioner would want to appeal or that he demonstrated an interest in appealing, then it does not matter if Petitioner specifically requested counsel to file a PAA.

In the instant case, the record is void that Petitioner asked his appeal counsel to pursue a PAA. Moreover, although the brief filed by Petitioner in appealing his PCRA states that he wanted to pursue a PAA, he fails to include any discussion that he asked his counsel to do so. As such, the Superior Court's finding that Petitioner did not specifically request that a PAA be filed is reasonable.

In examining whether the Superior Court's finding that Petitioner was not excused from requesting his counsel to file a PAA, the court finds that the Superior Court's finding that he was not, is also reasonable. While Petitioner may have claimed he had non-frivolous grounds for an appeal to the Pennsylvania Supreme Court, the Superior Court found that Petitioner failed to come forward with any analysis in support of his assertion. (Doc. 18 at 18.) Further, he offers nothing, in the

19

record or otherwise, to demonstrate that counsel had cause to believe a rational defendant would have wanted a PAA filed or offered anything to support an inference that counsel should have known that Petitioner wanted to file a PAA. As such, the Superior Court's ruling will not be disturbed.

### C.   Brady claim

Petitioner argues that the Commonwealth violated his due process rights when they committed violations of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). In particular, he argues that the Commonwealth failed to reveal evidence favorable to him which was the statement of the co-defendant's friend to a sheriff wherein he confessed to the killing, and the alleged offers of leniency given to the co-defendant and others for their testimony. Although Petitioner did not specifically raise this issue in the PCRA, the Superior Court did address the <u>Brady</u> claim in affirming the denial of the PCRA petition. The Superior Court did so when addressing any attempt by Petitioner to argue a <u>Brady</u> violation as a new theory in support of his challenge to his plea. (Doc. 18 at 14-15.) As such, the court finds any <u>Brady</u> ground to have been exhausted. Respondents do not apparently disagree since they state in their response that all grounds are exhausted.

In <u>Brady</u>, the United States Supreme Court held that the suppression by the prosecution of evidence favorable to an accused upon request, violates due process where the evidence is material either to guilt or to punishment, irrespective of the

good faith or the bad faith of the prosecution. <u>Brady</u>, 373 U.S. at 87.

The Superior Court found that any claim based on the above was without merit, regardless of whether Petitioner was aware of any <u>Brady</u> claim at the time or whether he learned of it later - after the plea, post-sentence motions, or even direct appeal. The Superior Court found that Petitioner was arguing, under any scenario, that the outcome of the proceedings would have been different if the Commonwealth had told him about the alleged confession and the leniency because he would not have pleaded nolo contendere, and would have gone to trial. Regardless, the Superior Court found that to the extent Petitioner was aware of this information at a time when he could have raised it to the post-sentence court or on direct appeal, he was merely raising a "new theory" in support of a previously litigated issue. To the extent he did not learn of the non-disclosures until after-the-fact, never revealed when he learned of the information, offered no legal authority or analysis leading to the conclusion that he should now be allowed to raise a <u>Brady</u> claim, never named the third party that allegedly confessed, and failed to offer any detail as to how his co-defendant and the others were offered leniency by the Commonwealth. Moreover, the Superior Court found that Petitioner failed to identify the additional persons who were offered leniency. (<u>Id</u>. at 15.)

In reviewing the record, including the appellate brief filed by Petitioner following the denial of his PCRA by the trial court, it cannot be said that the standard

applied by the Superior Court was contrary, in that they actually cited to and applied Brady, or that their conclusion was unreasonable.  As such, this ground raised in the federal habeas petition will also be denied.

## VI.    Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322 (2003).  There is no basis for the issuance of a COA.

## VII.   Conclusion

In accordance with the foregoing, the petition for writ of habeas corpus is denied.  An appropriate order follows.